UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GENESIS GOLD CORP., | ) ) ) | |
| Plaintiff, | ) ) | 3:15-cv-00042-RCJ-WGC |
| vs. | ) ) ) | |
| CED GOLD, LLC, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

This case arises out of a contractual dispute. Pending before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 13). For the reasons given herein, the Court denies the motion without prejudice.

## I. FACTS AND PROCEDURAL HISTORY

On or about August 23, 2010, Plaintiff Genesis Gold Corp. ("Genesis") and Defendant CED Gold, LLC ("CED") entered into an Option Agreement. (Compl. ¶ 6, ECF No. 1). The Option Agreement required CED to make certain payments to Genesis ("Option Payments"), including a payment of $100,000, due on August 23, 2014 (the "Year 5 Option Payment"), which CED failed to make. (*Id.* ¶¶ 7–10). Genesis sent CED a notice of default as to the Year 5 Option Payment on October 14, 2014, giving CED the opportunity to cure the default by October 20, 2014, but CED failed to cure and had not cured by the date of the Complaint. (*Id.* ¶¶ 11–15). Under the Option Agreement, CED may exercise an option to enter into a separate Sales Agreement (attached as Schedule 1 to the Option Agreement) if it satisfies the terms of the

Option Agreement, but because CED failed to make all Option Payments it cannot exercise the option. (*Id.* ¶¶ 16–19).  Also, CED never paid the Option Exercise Price or provided Genesis with a signed, written notice of exercise of the option, both of which are required for exercise of the option under the Option Agreement. (*Id.* ¶¶ 20–21).

Genesis sued CED in this Court in diversity for: (1) breach of contract; and (2) a declaration that the Option Agreement has been terminated by CED's default.  CED answered and counterclaimed for: (1) a declaration that the Option Agreement has been modified (the "Amended Agreement") through mutual assent of the parties; and (2) breach of the Amended Agreement by anticipatory repudiation. (*See* Answer & Countercl. 5–6, ECF No. 7).  Plaintiff has moved for defensive summary judgment against the counterclaims and for offensive summary judgment on its own claims.

## II.     DISCUSSION

The Court will not address the summary judgment motion at this time.  Genesis has not properly pled CED's citizenship, and the Court is therefore not satisfied of its jurisdiction. Genesis has invoked the jurisdiction of the Court by filing the Complaint, and it therefore bears the burden of showing complete diversity. *See Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  The Complaint states that CED is a Utah corporation with its principle place of business in Utah. (*See* Compl. ¶ 1).  For purposes of diversity jurisdiction, a corporation is a citizen both of its state of incorporation and the state where its headquarters is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 85–93 (2010).  It is a fair inference from the Complaint that Genesis's headquarters is in Utah. But as to CED the Complaint states only that CED is a Nevada limited liability company with its principle place of business in Australia. (*See id.* ¶ 2).  As a limited liability company, CED has the citizenship of each of its members for the purposes of diversity jurisdiction; its place of

registration and the locations of its headquarters and other places of business are irrelevant. *See Johnson v. Colombia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). In order to invoke diversity jurisdiction, Genesis must allege the citizenships of each of CED's members.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 13) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff shall have sixty (60) days to conduct jurisdictional discovery and amend the Complaint to allege the citizenship(s) of Defendant, i.e., the identities and citizenships of all members of CED Gold, LLC. If any members of Defendant are themselves limited liability companies, partnerships, or other unincorporated associations, Plaintiff must also allege those entities' members and their citizenships. Defendant shall promptly respond to any jurisdictional discovery requests.

IT IS SO ORDERED.

Dated this 26th day of August, 2015.

_____
ROBERT C. JONES
United States District Judge